**Jose Flores AHUMADA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76065.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed March 1, 2007.

John E. Ricci, Esq., Law Office of Ricci & Sprouls, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Jose Flores Ahumada, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") decision denying his applica-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion for cancellation of removal on the ground that Flores Ahumada failed to establish ten years of continuous physical presence in the United States. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the adverse credibility finding because Flores Ahumada's testimony was materially inconsistent. *Cf. Vera–Villegas v. INS*, 330 F.3d 1222, 1231–34 (9th Cir.2003). The IJ gave Flores Ahumada ample opportunity to clarify his whereabouts during 1994, but his clarifications were not sufficient. Moreover, his supporting documentary evidence of presence during 1994 did not compel a conclusion to the contrary. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001) (holding that an IJ may require documentary evidence when he either does not believe an applicant or does not know what to believe). The IJ therefore properly concluded that Flores Ahumada did not meet his burden to establish his continuous physical presence in the United States after May 31, 1992. *See* 8 U.S.C. § 1229b(b)(1)(A).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.